## RUEL MORSE, Petitioner, &c.

A person, whose land was injured by the construction of a rail road through it, applied to the county commissioners to assess the damages ; and the commissioners reported, that, it being understood and agreed by them, that the rail road corporation should construct a culvert, wasteway, &c. for his benefit, they had assessed the damages at the sum of $500. Upon the acceptance of this report, the land owner applied for a jury, and obtained a verdict for the sum of $600 ; but no reference was made in the verdict to the construction of a culvert, &c. The commissioners, thereupon, after hearing the parties, rendered judgment in favor of the land owner for the amount of the verdict, *but without costs*, on the ground that he had not obtained an increase of damages. It was *held*, that that part of the award of the commissioners relating to the construction of a culvert was not absolutely void, but might be rendered binding on the parties by ratification ; and that the refusal of costs to the land owner, was not such a disregard of a plain duty, on the part of the commissioners, as would justify this Court in interfering by a writ of *mandamus*.

PETITION for a *mandamus* to the county commissioners of this county.

It appeared, that the petitioner, being seised of certain land in Natick (together with a mill), over and through which the Boston and Worcester rail road was laid out and constructed, applied to the county commissioners, at their session in January, 1834, to assess the damages sustained by him thereby ; that in March, 1834, the commissioners reported, that " it being understood and agreed by them, that " the rail road corporation " shall construct and forever keep in repair a sufficient culvert to convey the water of the petitioner's mill pond from the north to the south side of said rail road, a good and sufficient wasteway, for the surplus water of said pond to pass

off," &c., they estimated the damages sustained by the peti tioner at the sum of $ 500 ; that this report was accepted at a meeting of the commissioners in September, 1834 ; that the petitioner thereupon, considering that the sum so assessed was less than he was entitled to receive, made application to the commissioners for a jury to assess the damages ; that a jury was accordingly empannelled on April 2d, 1835, who assessed the damages at the sum of $ 600 ; that in June, 1835, the verdict of the jury was duly returned into the Common Pleas, and accepted by that court ; and that in September, 1835, the verdict and the adjudication of that court were certified to the commissioners, and it was thereupon considered by them, that the petitioner should recover of the rail road corporation the sum of $ 600, *without costs.*

In October, 1835, the petitioner presented his petition to this Court, praying for a rule on the commissioners to show cause why a writ of *mandamus* should not issue, commanding them to render judgment in the premises for the petitioner for the sum of $ 600, and for his costs.

The commissioners having been accordingly ordered to show cause, returned " that they considered, that by law they had jurisdiction over the question of costs, and that it was matter within the judicial discretion of said commissioners, to allow or disallow costs to the said Morse upon said verdict ; and that upon a hearing of said parties upon the question of costs, it was the opinion of said commissioners, or a major part of them, that said Morse ought not to recover costs of the said corporation in his said suit, because they say, that the jury, in estimating the damages sustained by the said Morse, at the sum of $ 600, unconnected and without the understanding and agreement of the parties mentioned in the return of said commissioners, made and accepted at their meeting, holden on the third Tuesday of September, 1834, to wit, that said corporation shall construct and forever keep in repair a sufficient culvert, &c., did not increase the damages as estimated by said commissioners at the sum of $ 500, connected with said understanding and agreement ; and that accordingly they adjudged, that said Morse recover of the said Boston and Worcester Rail Road Corporation the said sum of $ 600, the amount of the

verdict in his favor, without costs, as by law they had a right and were bound to do."

*Peabody* and *T. Bigelow*, for the petitioner. The commissioners, in refusing costs to the petitioner, arrogated to themselves discretionary powers not vested in them by law. *St.* 1831, *c.* 72, § 1, 7 ; *St.* 1786, *c.* 67, § 4.

The commissioners have no right to assess and award any thing but money, or to take notice of an agreement made by the parties. They can issue no process to enforce the performance of such agreement ; and the petitioner can maintain no action on it, relying on the award. If such an agreement is included in their award, the award is so far extrajudicial and void.

The agreement in question is therefore not to be considered as part of the damages ; and if so, the assessment of the jury exceeds that of the commissioners, and the petitioner is entitled to costs.

A writ of *mandamus* is the proper remedy for the petitioner. *Commonwealth* v. *Sessions of Hampden*, 2 Pick. 414 ; *Mendon* v. *County of Worcester*, 10 Pick. 235 ; *Rice* v. *Commissioners of Highways of Middlesex*, 13 Pick. 225.

*Hoar* and *Morey*, *contrà*, as to the question of costs, cited *St.* 1786, *c.* 67, § 4 ; *St.* 1833, *c.* 187, § 1, 2, 3, 4 ; *Commonwealth* v. *Carpenter*, 3 Mass. R. 268 ; and to the point, that a writ of *mandamus* did not lie, *Chase* v. *Blackstone Canal Co.*, 10 Pick. 244 ; *Gray* v. *Bridge*, 11 Pick. 189.

SHAW C. J. delivered the opinion of the Court. [After stating the facts.] The petitioner now applies to this Court for a writ of *mandamus* to the county commissioners, requiring them to award him his costs, on the ground that having obtained an increase of damages, by the verdict of a jury, he is entitled to his costs, by virtue of the statute, and the commissioners had no judicial or discretionary power on the subject.

It was contended on the part of the respondents, that even if it should appear ever so manifestly, that the petitioner was entitled to costs, as of right, the Court would not grant a *mandamus* to the commissioners to award them ; and the case of *Chase* v. *Blackstone Canal Co.*, 10 Pick. 244, was relied upon. In referring to that case, the Court are well satisfied

that the decision was correct, although there is some generality in the language used in stating the opinion, which requires some qualification. It appears quite clear, that if the commissioners in that case had any authority to allow the petitioner his costs, it was a discretionary and judicial power, for them to exercise according to their judgment of the merits. The statute only gave costs to the respondent as a matter of right, where the party applying for a jury failed to increase or diminish the damages, and not where the party applying obtained an increase of damages. It was therefore a case in which the commissioners, being intrusted by law with the power of judging, the Court would not, by a writ of *mandamus*, require them to act contrary to their judgment. Most of the reasoning in the case and the authority cited from 3 Dallas, lead to this conclusion. And the result was, that the commissioners, having acted judicially in a matter properly submitted to their judgment, it was not a proper case for a *mandamus*. The expression requiring modification, is that in which it is intimated that where a court is imperatively required to allow costs, as incident to a judgment, a *mandamus* will in no case be granted, requiring such court to allow and tax them. But the rule is recognized, that a judicial tribunal may exercise ministerial functions, and in all such cases, a *mandamus* will be granted, when there is no other proper and adequate remedy. Cases may be supposed, in which such a remedy would be proper and warranted by analogy. Some instances are mentioned in the case cited, as where a judicial tribunal declines taking cognizance of a case within its proper jurisdiction. So if a court, having rendered a proper judgment, should refuse issuing an execution. And so where a judicial tribunal, having found all the facts necessary to a judgment, so that the judgment would be nothing but a conclusion of law upon these facts, the entering up of the proper judgment may be regarded as in its nature ministerial, and in the absence of any other remedy, may be a proper subject for a *mandamus*. Other cases, perhaps, might be suggested, where in consequence of great changes in the laws, and the erection of new tribunals with varied powers, this writ may be necessary, as the only adequate remedy to prevent failure of justice. I have thought it proper to say thus much

in regard to the case of *Chase* v. *Blackstone Canal Co.*, lest the language alluded to might seem to put too great a restraint upon a high and beneficent power, intrusted by law to the judicial tribunals, to be exercised for the purposes of justice, when other remedies fail.

This cause has been fully and ably argued. The ground taken for the petitioner is, that the commissioners were bound to award the damages of the petitioner in cash only, and had no authority to prescribe other duties to be performed by the corporation for the petitioner ; and therefore, that all that part of the award which treated the performance of these duties as a part satisfaction of the petitioner's damages, was void ; that it stood as an award of $500 only, and the verdict, being for $600, was an increase of damages, which entitled him to his costs. We think this conclusion cannot be sustained to its full extent. Suppose it to be true, that the commissioners had no authority, originally, to assess damages in any other way than by awarding the payment of money ; still if they should direct that certain beneficial acts should be done by one party for the benefit of the other, and the parties should assent to and ratify it, as they might do, by proper acts, it would be valid and binding. It might be done by parol assent of the parties, made before the commissioners, and if formally ratified would be good. We cannot therefore say, that that part of the award was absolutely void. The commissioners, by their answer, state that they considered their award of $500 and the expensive duties to be done by the corporation for the petitioner's benefit, as their award of damages ; that by renouncing the award, and claiming a re-assessment by jury, the petitioner renounced the benefits stipulated for him by the award, and that the verdict for $600 cash, was less than the award of $500 with the stipulated benefits, and therefore that he did not obtain an increase of damages, so as to entitle him to costs. The commissioners manifestly proceeded on the expectation that if their award was adopted, it would be ratified and confirmed in such manner as to be binding on the corporation, and that the petitioner would be entitled to the benefits stipulated for, as well as the sum of money awarded ; and if so, they were probably right in their conclusion, that such an award would have

been of greater value to the petitioner than the damages as sessed by the jury.

Acting upon this view of the case, the commissioners decided that the petitioner was not entitled to costs ; and in this, we cannot say that they failed in a plain duty, required of them by law, and which ought to be enforced by this extraordinary remedy.

*Petition dismissed.*